## J. W. KINTZ v. STATE.

No. A-2366.   Opinion Filed October 30, 1915.

(152 Pac. 139.)

APPEAL—Verdict—Evidence. Where the jury find a verdict of guilty, which is approved by the trial court, and there is evidence in the record to sustain the verdict, it will not be set aside in the absence of prejudicial error.

*Appeal from Superior Court, Muskogee County;*
*H. C. Thurman, Judge.*

Affirmed.

*M. G. Bailey,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM.   Plaintiff in error, J. W. Kintz, was convicted on an information charging that he did have possession of three gallons of whisky with the intention of violating provisions of the prohibitory law by transporting and selling the same, and his punishment was fixed at confinement for sixty days in the county jail and a fine of one hundred dollars. From the judgment rendered on the verdict of the 23rd day of September, 1914, he appeals.

Without going into a detailed statement of the testimony the transcript shows that Ed Maloney and Steve Lowery, deputy sheriffs in executing a search warrant issued against the defendant's place of business, a barbecue stand near the Convention Hall in the city of Muskogee found a large number of empty whisky bottles and in a trash pile three or four steps from the back door of the defendant's place of business they found three gallons of whisky; that there was a well defined path from the back door to the trash pile. They further testified that they knew the reputation of the defendant's place of business and that it was bad—as a place where intoxicating liquors were kept and sold.

The defendant as a witness in his own behalf testified that the trash in which the whisky was found concealed was not on his premises. Two other witnesses testified that the trash pile was not on the defendant's premises.

The only error assigned worthy of mention is that the evidence was not sufficient to support the verdict.

We think the foregoing statement of facts suffices it to show that the case was one for the jury. Where the jury finds a verdict of guilty, which is approved by the trial court, and there is evidence in the record to sustain the verdict, it will not be set aside in the absence of prejudicial error.

Finding no error in the record, the judgment appealed from will be affirmed.